1

2  S. CHANDLER VISHER S.B.N.  52957
   LAW OFFICES OF S. CHANDLER VISHER
3  268 Bush St., #4500
   San Francisco, California  94104
4  Telephone: (415) 901-0500
   Facsimile: (415) 901-0504
5  chandler@visherlaw.com

6  Local Counsel for Plaintiff

7  RYAN M. KELLY (*Pro Hac Vice to be submitted*)
   ANDERSON & WANCA
8  3701 Algonquin Road, Ste 500
   Rolling Meadows, IL 60008
9  Telephone: (847)368-1500
   Facsimile: (847)368-1501
10 rkelly@andersonwanca.com

11 Counsel for Plaintiff Eric B. Fromer Chiropractice, Inc.

12
                    **UNITED STATES DISTRICT COURT**
13                  **NORTHERN DISTRICT OF CALIFORNIA**
                          **SAN JOSE DIVISION**
14

15

16 ERIC B. FROMER CHIROPRACTIC,          )
   INC., a California corporation, individually )
17 and as the representative of a class of   )
   similarly-situated persons,               )
18                                            )
                            Plaintiff,        )   Civil Action No.:
19                                            )
                                              )    COMPLAINT
20        v.                                  )
                                              )   **CLASS ACTION**
21 SI-BONE, INC., a Delaware corporation,     )
                                              )
22                          Defendant.        )
   _____)
23

24

25

26

27

28

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500   San Francisco, CA  94014
(415) 901-0500

1

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500   San Francisco, CA  94014
(415) 901-0500

# CLASS ACTION COMPLAINT

Plaintiff, ERIC B. FROMER CHIROPRACTIC, INC. ("Plaintiff") brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, SI-BONE, INC. ("Defendant").

## PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of sending "unsolicited advertisements" by facsimile.

2.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation.  Upon information and belief, Defendant have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile transmission of unsolicited advertisement on November 27, 2018 ("the Fax"), a true and correct copy of which is attached hereto as Exhibit A and made a part hereof.  The Fax promotes the commercial availability or the quality of services and goods of Defendant.  Plaintiff is informed and believes, and upon such information and belief avers, that Defendant have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the JFPA, including but not limited to those advertisements sent to Plaintiff.

3.      Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else.  A junk fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.  Plaintiff seeks to certify a class including faxes sent to Plaintiff and other advertisements sent without prior proper opt-out language or without prior express invitation or permission, whether sent to Plaintiff or not.

5.     Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner.  This action is based on the same legal theory, namely liability under the JFPA.  This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.     Venue is proper in this District because Defendant's principal place of business is within this District, Defendant committed statutory torts within this district, and a significant portion of the events took place within this District.

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500  San Francisco, CA  94014
(415) 901-0500

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500   San Francisco, CA  94014
(415) 901-0500

8.      Intradistrict Assignment:  Pursuant to Civil L.R. 3-2(c) and 3-5(b), assignment to the San Jose Division of the Northern District of California (the "Division") is proper, because a substantial part of the events or omissions which give rise to the claims occurred in this Division. Defendant promotes, markets, and sells products and/or services in this Division, employs workers in this Division, and advertises in this Division.  Further, Defendant, Si-Bone, Inc. maintains its offices in this Division.

**PARTIES**

9.      Plaintiff, ERIC B. FROMER CHIROPRACTIC, INC., is a California corporation.

10.     On information and belief, Defendant, SI-BONE, INC., is a Delaware corporation with its principal place of business in Santa Clara, California.

**FACTS**

11.     On or about November 27, 2018, Defendant sent an unsolicited facsimile to Plaintiff using a telephone facsimile machine, computer, or other device.  A copy of the facsimile is attached hereto as Exhibit A.

12.     Exhibit A is an invitation to an educational program to discuss the sacroiliac joint as a cause of low back pain, stating "we will review the SI joint as a potential cause of LBP, the diagnosis of SI joint pain and treatment options for patients with SI joint problems."

13.     The "educational program" in Exhibit A was a pretext to recommend a "treatment option," namely, a minimally invasive sacroiliac surgery treatment option that uses Si-Bone's "iFuse" titanium implants across the sacroiliac joint.  See Si-Bone.com:

https://si-bone.com/si-joint-pain-treatment/ifuse-implant-system

Minimally Invasive Sacroiliac Surgery: What to Expect

….Your surgeon will use a specially designed system to guide the instruments that prepare the bone and facilitate placement of the titanium implants across the sacroiliac joint. Fluoroscopy, an

4

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500  San Francisco, CA  94014
(415) 901-0500

imaging technique commonly used by physicians, provides your surgeon real-time moving images of internal structures during the procedure. Typically, three iFuse Implants are used in an iFuse procedure.

Both the surgical technique and the iFuse Implant System are designed to protect the tissues surrounding the surgical site.

Benefits of iFuse

Minimally invasive SI joint surgery is the current medical standard of care for SI joint fusion to relieve sacroiliac joint pain.

  Titanium construction designed specifically to stabilize and fuse the SI joint
  Triangular shape minimizes rotation
  Porous titanium surface allows for bony ongrowth/ingrowth[17]
  Proven Effectiveness [see Clinical Results]

**FIND A DOCTOR**

https://si-bone.com/si-joint-pain-treatment/ifuse-implant-system/patient-questions:

**What are the iFuse Implants made of and how do they work?**

The iFuse Implants are small titanium rods about the size of your little finger. Titanium is a very strong but lightweight material, commonly used for medical device implants. The iFuse Implants have a triangular cross section to keep them from rotating once they have been implanted. They have a rough, porous surface to allow fixation to the surrounding bone. The implants provide immediate stabilization of the joint.

        14.    Exhibit A is part of an overall marketing campaign for Defendants' goods and services, including iFuse implants.

        15.    Plaintiff did not give Defendant "prior express invitation or permission" to send the fax.

        16.    On information and belief, Defendant faxed the same and similar unsolicited facsimiles without the required opt-out language to Plaintiff and more than forty other recipients.

5

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500  San Francisco, CA  94014
(415) 901-0500

17.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes.   Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

18.     Defendant's facsimiles did not display a proper opt-out notice as required by 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

19.     In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, and (4) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

Excluded from the Class are the Defendant, its employees, agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

20.     Class Size (Fed. R. Civ. P. 23(a)(1)):  Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable.  Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

21.     Commonality (Fed. R. Civ. P. 23(a)(2)):  Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a)     Whether the Defendant sent unsolicited fax advertisements;

6

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500   San Francisco, CA  94014
(415) 901-0500

b)      Whether Defendant's faxes sent to other persons, not the Plaintiff, constitute advertisements;

c)      Whether the Defendant's fax advertised the commercial availability or quality of property, goods, or services;

d)      The manner and method the Defendant used to compile or obtain the list of fax numbers to which they sent Exhibit A, other unsolicited faxed advertisements or other advertisements without the required opt-out language;

e)      Whether the Defendant faxed advertisements without first obtaining the recipient's prior express invitation or permission;

f)      Whether the Defendant sent the faxed advertisements knowingly;

g)      Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

h)      Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

i)      Whether the Defendant should be enjoined from faxing advertisements in the future;

j)      Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

k)      Whether the Court should award treble damages.

22.      Typicality (Fed. R. Civ. P. 23(a)(3)):   The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the same or similar fax as the faxes sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based

upon the same federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

23.    Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)):   The Plaintiff will fairly and adequately represent and protect the interests of the class. He is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

24.    Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)):   Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a)    Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

b)    Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c)    The Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d)    The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

e)    This case is inherently manageable as a class action in that:

(i)    The Defendant identified persons or entities to receive the fax transmissions and it is believed that the Defendant's computer and business records will enable the

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500   San Francisco, CA   94014
(415) 901-0500

Plaintiff to readily identify class members and establish liability and damages;

(ii)    Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii)    Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)    A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v)    A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

(vi)    As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq*.**

25.    The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless the three-part exception in the statute is met. 47 U.S.C. § 227(b)(1)(C).

26.    The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

27.    **Opt-Out Notice Requirements.**  The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500  San Francisco, CA  94014
(415) 901-0500

9

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500   San Francisco, CA   94014
(415) 901-0500

1.      a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

2.      a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

3.      a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

4.      the opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act.  The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In re Rules & Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006).  The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii).  Compliance with the Opt-Out Notice Requirements is neither difficult nor costly.  The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon consumers and businesses giving them the right, and means, to stop unwanted fax advertisements.

28.    **2006 FCC Report and Order.**  The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A.    The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶8-12 and 17-20);

B.    The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶13-16);

C.    The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶24-34).

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements cannot claim the exemption from liability contained in § (b)(1)(C) of the Act.

29.    **The Fax**.  Defendant sent the advertisement on or about November 27, 2018, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class.  The Fax constituted an advertisement under the Act.  Defendant failed to comply with the Opt-Out Requirements in connection with the Fax.  The Fax was transmitted to persons or entities without their prior express invitation or permission and Defendant is precluded from asserting that Defendant had an established

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500  San Francisco, CA  94014
(415) 901-0500

11

business relationship with Plaintiff and other members of the class, because of the failure to comply with the Opt-Out Notice Requirements.  By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class.  Plaintiff seeks to certify a class which includes this Fax and all others sent during the four years prior to the filing of this case through the present.

30.     **Defendant's Other Violations.**  Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express invitation or permission and without complying with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder.  Plaintiff is informed and believes, and upon such information and belief avers, that Defendant are continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

31.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages.  47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

32.     The JFPA is a strict liability statute, so the Defendant are liable to the Plaintiff and the other class members even if their actions were only negligent.

33.     The Defendant knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax

LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500  San Francisco, CA  94014
(415) 901-0500

advertisements about the Defendant's goods or services; (b) the Plaintiff and the other class members did not have an established business relationship; (c) Defendant transmitted an advertisement; and (d) the Fax did not contain the required Opt-Out Notice;

34.     The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk fax caused the recipients to lose paper and toner consumed in the printing of the Defendant's fax.  Moreover, the Defendant's fax used the Plaintiff's fax machine. The Defendant's fax cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized fax.  That time otherwise would have been spent on the Plaintiff's business or personal activities.  The Defendant's fax unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone.

WHEREFORE, Plaintiff, ERIC B. FROMER CHIROPRACTIC, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, SI-BONE, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's counsel as counsel for the class;

B.     That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages if the violations are deemed "willful or knowing";

C.     That Court enjoin the Defendant from additional violations; and

D.     That the Court award pre-judgment interest, costs and such further relief as the Court may deem just and proper.

Respectfully submitted,

ERIC B. FROMER CHIROPRACTIC, INC., a
California corporation, individually and as the
representative of a class of similarly-situated persons

By: _S. Chandler Visher_
S. CHANDLER VISHER
LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500
San Francisco, California  94104
Telephone: (415) 901-0500
Facsimile: (415) 901-0504
chandler@visherlaw.com

*Local Counsel for Plaintiff*

And:

RYAN M. KELLY (*pro hac vice to be submitted*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500 / Fax:  847-368-1501
rkelly@andersonwanca.com

*Counsel for Plaintiff*