UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC B. FROMER CHIROPRACTIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> SI-BONE, INC., <br><br> Defendant. | Case No. 19-CV-00633-LHK <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** <br><br> Re: Dkt. No. 18 |

Plaintiff Eric B. Fromer Chiropractic, Inc. ("Plaintiff") brings this putative class action against Defendant Si-Bone, Inc. ("Defendant") for alleged violations of the Telephone Consumer Protection Act ("TCPA"). Before the Court is Defendant's motion to dismiss Plaintiff's complaint. Having considered the parties' submissions, the relevant case law, and the record in this case, the Court hereby DENIES Defendant's motion to dismiss Plaintiff's complaint.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a California corporation providing chiropractic services. ECF No. 1 ("Compl."), ¶ 9. Defendant is a Delaware corporation located in Santa Clara, California. *Id.* ¶ 10. Defendant sells iFuse implants, which are "small titanium rods" used to remedy lower back pain

1
Case No. 19-CV-00633-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

stemming from the sacroiliac ("SI") joint. *Id.* ¶ 13.

On November 27, 2018, Defendant sent Plaintiff a fax (the "Fax"). *Id.* ¶ 11; *see* Ex. A. Defendant's logo is prominently displayed at the top of the Fax. Ex. A. The Fax invites the recipient to an education program on the SI joint: "You are cordially invited to an educational program to discuss the sacroiliac joint as a cause of action of low back pain. Dinner will be provided for all registered attendees." *Id.* The Fax indicates that the November 28, 2018 dinner will include a presentation by a medical doctor. *Id.* The Fax also states that Defendant is sponsoring the presentation and that the presentation will address SI joint treatment options: "During this presentation, co-sponsored by SI-BONE, Inc., we will review the SI joint as a potential cause of LBP [lower back pain], the diagnosis of SI joint pain and treatment options for patients with SI joint problems." *Id.* Finally, the Fax is signed by Michael Flowers, "Territory Manager – SI-Bone Inc.," and includes Flowers' email address and a telephone number. *Id.*

Plaintiff alleges that the Fax "was a pretext to recommend a 'treatment option,' namely, a minimally invasive sacroiliac surgery treatment option that uses Si-Bone's 'iFuse' titanium implants across the sacroiliac joint." *Id.* ¶ 13. Plaintiff did not give Defendant "prior express invitation or permission" to send the Fax and the Fax did not include an opt-out notice. *Id.* ¶¶ 15, 18. Plaintiff alleges that Defendant sent the Fax to at least forty other recipients, *id.* ¶ 16, and that Defendant is "continuing to send unsolicited advertisements via facsimile transmission." *Id.* ¶ 30.

**B. Procedural History**

On February 5, 2019, Plaintiff filed its complaint against Defendant. ECF No. 1 ("Compl."). Plaintiff's complaint brings a single claim for unlawful solicitation under the TCPA, 42 U.S.C. § 227(b)(1)(C). *Id.* ¶ 25. Plaintiff wishes to represent the following putative class:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, and (4) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

*Id.* ¶ 19.

2
Case No. 19-CV-00633-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On March 28, 2019, Defendant filed a motion to dismiss Plaintiff's complaint. ECF No. 18 ("Mot."). Defendant also filed a request for judicial notice. ECF No. 20. The Court denies as moot Defendant's request for judicial notice, as none of the documents for which Defendant seeks judicial notice affect the outcome of this motion.

On May 9, 2019, Plaintiff filed its opposition to the instant motion to dismiss, ECF No. 26 ("Opp."), and on May 30, 2019, Defendant filed its reply. ECF No. 31 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

3

Case No. 19-CV-00633-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130. Thus, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Defendant raises two arguments in support of its motion to dismiss. First, Defendant contends that Plaintiff lacks Article III standing. Second, Defendant contends that the Fax was not an advertisement under the TCPA, and thus was not unlawful. In the alternative, Defendant asks the Court to stay the case pending the United States Supreme Court's decision in *PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, which was pending when Defendant filed its motion. However, the United States Supreme Court issued its decision in that case on June 20, 2019, *PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051 (2019), and Defendant's stay request is moot. Thus, the Court addresses Defendant's remaining two arguments for dismissal in turn.

### A. Plaintiff Has Plausibly Alleged Facts to Support Article III Standing

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of

4

Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing requires that (1) the plaintiffs suffered an injury in fact, i.e., "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) the injury is " 'fairly traceable' to the challenged conduct"; and (3) the injury is "likely" to be "redressed by a favorable decision." *Id.* at 560–61. "[A]t the motion to dismiss stage, the plaintiff must clearly ... allege facts demonstrating each element." *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation and internal quotation marks omitted) (ellipses in original). Defendant contends that Plaintiff has failed to allege a particularized injury traceable to Defendant's action in sending the Fax. Defendant's argument is unavailing.

Plaintiff brings its claim under the TCPA, which prohibits any person from using "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5). Plaintiff alleges that Defendant violated the TCPA because Defendant sent the Fax without Plaintiff's consent, and the Fax was "part of an overall campaign for Defendants' goods and services, including iFuse implants." Compl. ¶¶ 14–15.

Ninth Circuit precedent compels the conclusion that Plaintiff's allegation of a TCPA violation is sufficient to establish standing. Recently, the Ninth Circuit held that "a violation of the TCPA is a concrete, de facto injury" under Article III and the United States Supreme Court's *Spokeo* decision. *Van Patten v. Vertical Fitness Grp.*, 847 F.3d 1037, 1042 (9th Cir. 2017). The Ninth Circuit explained that "[a]ctions to remedy defendants' invasions of privacy, intrusion upon seclusion, and nuisance have long been heard by American courts." *Id.* at 1043. Further, in enacting the TCPA, "Congress sought to protect consumers from the unwanted intrusion of unsolicited telemarketing phone calls and fax advertisements." *Id.* Accordingly, the Ninth Circuit held that to establish standing "under the TCPA, a plaintiff need not allege any *additional harm*

5

beyond the one Congress has identified." *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549).

Defendant contends that Plaintiff's injury is "de minimis" and therefore not particularized. However, *Van Patten* explicitly held that a violation of the TCPA, without more, is sufficient to establish standing because Congress sought to protect consumers from unwanted phone calls and "fax advertisements." 847 F.3d at 1043; *see Brinker v. Normandin's*, 2017 WL 1425916, at *2 (N.D. Cal. Apr. 21, 2017) (holding that in wake of *Van Patten*, the plaintiffs' allegation of unsolicited text messages in violation of TCPA was sufficient to find standing).

Moreover, the principal case that Defendant cites is distinguishable, and did not cite *Van Patten*. In *Supply Pro Sorbents, LLC v. RingCentral, Inc.*, 2017 WL 4685705 (N.D. Cal. July 17, 2017), the plaintiff brought suit based on an unsolicited "one-line identifier" on a fax that the plaintiff had otherwise consented to receive. *Id.* at *1. Thus, the plaintiff's alleged injury was not the receipt of the fax itself, but rather the "increased amount of time necessary to transmit the identifier on the Subject Fax, ink toner, and its employees' time spent assessing the identifier." *Id.* at *4. The district court concluded that the injury was sufficiently concrete, but "of such a small degree as to constitute mere trifles." *Id.* at *4–5. By contrast, the harm in this case is not confined to the incremental amount of ink toner used on one line of a solicited fax, but rather the invasion of privacy resulting from the receipt of an *unsolicited* fax. *See Van Patten*, 847 F.3d at 1043 (recognizing that in the TCPA, "Congress sought to protect consumers from the unwanted intrusion of unsolicited telemarketing phone calls and fax advertisements"). Accordingly, Plaintiff's allegation that the Fax was unsolicited in violation of the TCPA is sufficient to allege a particularized injury in fact.

*Van Patten* also holds that Plaintiff's injury was fairly traceable to Defendant's action. District courts in the Ninth Circuit have explained that *Van Patten* "requires nothing more than the transmission of an unsolicited fax to confer Article III standing." *Meyer v. Capital All. Grp.*, 2017 WL 5138316, at *13 (S.D. Cal. Nov. 6, 2017); *see also Eric B. Fromer Chiropractic, Inc. v. Inovalon Holdings, Inc.*, 329 F. Supp. 3d 146, 153 (D. Md. 2018) (holding that it is "well established that the mere receipt of an unsolicited fax in violation of the TCPA constitutes a

6

Case No. 19-CV-00633-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

concrete injury" traceable to the Defendant's conduct).

Defendant focuses on the allegation that the unsolicited Fax did not contain an opt-out notice, and contends that Plaintiff's injury is not traceable to Defendant's actions because Plaintiff would have received the Fax whether or not the Fax contained a compliant opt-out notice. However, Plaintiff's alleged injury is that the Fax itself was an unsolicited advertisement, and that injury is traceable to Defendant's transmission of the Fax. That a fax contained a compliant opt-out notice is a *defense* to a TCPA claim. *See Meyer*, 2017 WL 5138316, at *13 (rejecting argument to similar to Defendant's because it "relies on what is essentially a defense to a TCPA claim that is jury-rigged into a standing argument"). Thus, the presence of an opt-out notice is irrelevant to whether the Fax itself was an unsolicited advertisement that led to Plaintiff's injury. *See Fauley v. Royal Canin U.S.A., Inc.*, 2017 WL 2955351, at *2 (N.D. Ill. July 10, 2017) (holding that where fax was unsolicited, the plaintiff "suffered an injury the moment he received the fax").

Moreover, the lone case that Defendant cites for its opt-out argument is distinguishable on its face. *St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, 899 F.3d 500 (8th Cir. 2018). In *Nomax*, the plaintiff "conceded for purposes of the lawsuit that the facsimiles were not transmitted without consent." *Id.* at 504. Thus, the plaintiff alleged no invasion of privacy from an unsolicited fax advertisement itself, but rather alleged loss of ink toner and related injuries premised solely on the defendant's failure to include an opt-out notice on the consented-to faxes. *Id.* The Eighth Circuit held that because the plaintiff consented to the fax, the plaintiff would have suffered its injuries and lost ink toner regardless of whether the fax included an opt-out notice. *Id.* By contrast, in the instant case, Plaintiff did not consent to receiving the Fax, and thus was injured by the mere receipt of an unsolicited advertisement. *See Van Patten*, 847 F.3d at 1043. Therefore, the Court concludes that Plaintiff has plausibly alleged facts sufficient for Article III standing.

**B. Plaintiff Has Plausibly Alleged that the Fax Violated the TCPA**

Next, the Court addresses Defendant's argument that Plaintiff's complaint fails to state a claim for violation of the TCPA. As set forth above, the TCPA prohibits any person from using "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile

7
Case No. 19-CV-00633-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5). In the instant motion, Defendant concedes that the Fax was unsolicited, but contends that Plaintiff has not pled facts sufficient to allege that the Fax was an "advertisement" under the TCPA. The Court first summarizes Plaintiff's allegations about the Fax and then addresses Defendant's arguments.

The Fax is a one-page sheet that informs recipients of an "educational dinner presentation" about the "sacroiliac [SI] joint as a cause of low back pain." Ex. A. Defendant's logo is prominently displayed at the top of the Fax and is in larger font than any other text on the Fax. *Id.* The Fax states that Defendant is sponsoring the presentation and that the presentation will address SI joint treatment options: "During this presentation, co-sponsored by SI-BONE, Inc., we will review the SI joint as a potential cause of LBP [lower back pain], the diagnosis of SI joint pain and treatment options for patients with SI joint problems." *Id.* Finally, the Fax is signed by Michael Flowers, "Territory Manager – SI-Bone Inc.," and includes Flowers' email address and a telephone number. *Id.*

First, Defendant argues that the Fax is not an advertisement because the Fax does not make any good or service available for sale. However, the definition of "commercially available" under the TCPA is not so narrow. The Ninth Circuit has held that to be "commercially available" under the TCPA, "a good or service must be available to be bought or sold (or must be a *pretext* for advertising a product that is so available"). *N.B. Indus., Inc. v. Wells Fargo & Co.*, 465 F. App'x 640, 642 (9th Cir. 2012) (emphasis added). In the instant case, Plaintiff alleges that the Fax's educational dinner invitation was merely a pretext for Defendant "to recommend a 'treatment option,' namely a minimally invasive sacroiliac surgery treatment option that uses Si-Bone's 'iFuse' titanium implants across the sacroiliac joint." Compl. ¶ 13. Accordingly, Plaintiff's allegations fit squarely within the Ninth Circuit's definition of an unsolicited advertisement as a fax that is "a pretext for advertising a product that is so available [to be bought or sold]." *N.B.*

8
Case No. 19-CV-00633-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

*Indus.*, 465 F. App'x at 642; *see also Sandusky Wellness Ctr. LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 222, 225 (6th Cir. 2015) (explaining that a fax can be an advertisement where it is a "pretext for a commercial solicitation," and providing the example of a fax with "a picture of [the defendant's] product on an invitation to a free seminar").

The Court finds particularly persuasive the Second Circuit's analysis of how a fax advertising a free seminar can be pretextual, and therefore an unsolicited advertisement. *See Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d 92 (2d Cir. 2017). In *Boehringer*, the Second Circuit explained that "at the pleading stage, where it is alleged that a firm sent an unsolicited fax promoting a free seminar discussing a subject that relates to the firm's products or services, there is a plausible conclusion that the fax had the commercial purpose of promoting those products or services." *Id.* at 95. A defendant can rebut that inference of a prohibited commercial purpose only *after* the pleading stage: "The defendant can rebut such an inference by showing that it did not or would not advertise its products or services at the seminar, but only after discovery." *Id.* On a motion to dismiss, "[r]equiring plaintiffs to plead specific facts alleging that specific products or services would be, or were, promoted at the free seminar would impede the purposes of the TCPA." *Id.* at 96.

Moreover, the specific fax at issue in *Boehringer* is strikingly similar to the Fax that Defendant sent in this case. The *Boehringer* fax concerned "a 'dinner meeting' to discuss two medical conditions" sent by a company "generally in the business of treating diseases and medical conditions," including the two medical conditions discussed at the dinner. *Id.* at 97. Similarly, the Fax that Defendant sent in the instant case concerns an "educational dinner" about the SI joint and SI joint pain, Ex. A, and Plaintiff alleges that Defendant markets a treatment option—the iFuse implant—for SI joint pain. Compl. ¶ 13. Defendant even acknowledges in its motion that Defendant's iFuse surgical implant is a treatment for SI joint pain. Mot. at 3.

Furthermore, in *Boehringer*, as in this case, the offending fax stated that the defendant company was sponsoring the dinner meeting. 847 F.3d at 97; *see* Ex. A (Fax in this case stating that the "education dinner" was "co-sponsored by SI-BONE, Inc."). Based on those allegations,

9

Case No. 19-CV-00633-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

the Second Circuit concluded that "facts were alleged that Boehringer's fax advertised a free seminar relating to its business." *Id.*

In this case, too, Plaintiff has pled facts sufficient to allege that the "educational dinner" was a pretext for Defendant to advertise its SI joint treatment options, such as the iFuse implant. Not only has Plaintiff alleged that Defendant sponsored the free dinner and that the dinner presentation would concern a topic related to Defendant's products, but the Fax also prominently displays Defendant's logo, states that the dinner will review "treatment options for patents with SI joint problems," and is signed by a "Territory Manager" for Defendant. *See* Ex. A. The Fax was also sent to Plaintiff, a chiropractic corporation, which could inform patients with SI joint pain about Defendant's products. *See Boehringer*, 847 F.3d at 97 (observing that the offending fax was "sent to a doctor, whom Boehringer would presumably hope to persuade to prescribe its drugs to patients").

Accordingly, the Court rejects Defendant's argument that simply because the Fax did not directly advertise the sale of goods or services, the Fax was not an unsolicited advertisement. *See Mussat v. Enclarity, Inc.*, 2018 WL 1156200, at *3 (N.D. Ill. Mar. 5, 2018) (holding that where a fax advertises a free seminar or event, "plausible allegations that the fax was used to further the defendant's commercial efforts or advance its marketing operations may suffice to state a claim that the fax was a pretext to an advertisement").

Second, Defendant contends that the Fax is not an advertisement because Plaintiff cannot in fact purchase any of Defendant's products. Defendant relies heavily on documents outside the complaint, which Defendant contends show that Defendant's "iFuse surgical implants are not commercially available to Plaintiff because Plaintiff provides chiropractic services, not surgery." Mot. at 7. However, even assuming that Plaintiff cannot personally purchase any of Defendant's products, whether an unsolicited fax is an advertisement depends not on the recipient's identity, but on the nature of the fax itself.

In *Stryker*, the defendant similarly argued that unsolicited faxes advertising orthopedic devices were not advertisements because the defendant sent the faxes to physicians "who neither

10

Case No. 19-CV-00633-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

buy nor prescribe orthopedic devices." *Physicians Healthsource, Inc. v. Stryker Sales Corp.*, 65 F. Supp. 3d 482, 491 (W.D. Mich. 2014). The district court rejected the defendant's argument because "the information referenced on the fax could have led primary care physicians to refer more patients or discuss orthopedic products more frequently, and this in turn could stimulate demand for Defendants' products." *Id.* Furthermore, the district court held that "nothing in the TCPA mandate[es] one degree of separation between buyer and seller for material to constitute an advertisement as a matter of law." *Id.*

The Court agrees. The TCPA defines an unsolicited advertisement by reference to the advertisement's content alone: "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). Thus, the TCPA includes no requirement that the person *receiving* the advertisement be equipped to purchase the product, and explicitly prohibits advertisements sent to "any person." *See id.* It would make little sense for the TCPA to draw a distinction based on the advertisement's recipient, as an unsolicited advertisement is equally invasive whether or not a recipient can actually buy the product advertised. Regardless, in this case, Defendant concedes that Plaintiff "may indirectly refer patients to hospitals or surgery centers that could use the iFuse surgical implants in surgery in the future," which explains why Plaintiff is a relevant commercial audience for Defendant's Fax.

Third, Defendant contends that the Fax is an informational communication and that any reference on the Fax to Defendant is so "de minimis" that the Fax cannot constitute an advertisement. Mot. at 9. However, Defendant's logo is the first and largest item displayed on the Fax. *See* Ex. A. Moreover, the de minimis inquiry applies only when a plaintiff contends that "incidental advertising transforms an otherwise legitimate fax into an illegal unsolicited advertisement." *N.B. Indus.*, 465 F. App'x at 642–43 (concluding that incidental advertising on fax was not so extensive as to render the entire fax an unsolicited advertisement); *see also Holmes v. Back Doctors, Ltd.*, 695 F. Supp. 2d 843, 851 (S.D. Ill. 2010) (explaining that the TCPA "was

11
Case No. 19-CV-00633-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

not intended to apply to informational faxes that contain an incidental advertisement").

Plaintiff does not proceed on an incidental advertising theory. Rather, Plaintiff alleges that the Fax invited Plaintiff to an "educational dinner" as a pretext for Defendant to sell its products as "part of an overall marketing campaign for Defendants' [sic] goods and services." Compl. ¶¶ 13–14; *see N.B. Indus.*, 465 F. App'x at 642 (holding that a fax regarding a free seminar may be an advertisement if the fax is "a pretext for advertising a product"). As explained at length above, Plaintiff's complaint plausibly alleges that the Fax had the commercial purpose of advertising Defendant's products and services. Defendant's de minimis argument is thus not relevant to Plaintiff's allegations. In sum, Defendant's arguments are without merit, and Plaintiff's complaint adequately pleads that the Fax was an unsolicited advertisement.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss Plaintiff's complaint.

**IT IS SO ORDERED.**

Dated: August 5, 2019

_____
LUCY H. KOH
United States District Judge